UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 13cr2852 JAH |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION TO REDUCE SENTENCE** |
| v. | **[Doc. Nos. 51, 53]** |
| HECTOR RUIZ (1), | |
| Defendant. | |

Pending before the Court is Defendant's motion to reduce his sentence pursuant to 28 U.S.C. § 3582 (c)(2). See Doc. Nos. 51, 53. The government opposes the motion.

**BACKGROUND**

On October 8, 2013, Defendant plead guilty to intentionally possessing, with intent to distribute, methamphetamine in violation of Title 21, United States Code section 841(a)(1) and Title 18, United States Code section 2, pursuant to a plea agreement. See Doc. Nos. 24, 28, 29. At a sentencing hearing, this Court sentenced Defendant to 108 months imprisonment followed by four years of supervised release. See Doc. No. 38.

Defendant appealed his conviction but later voluntarily dismissed the appeal. See Doc. Nos. 39, 49. Thereafter, Defendant filed the pending motion to reduce his sentence.

//

//

## DISCUSSION

Defendant seeks a two-point reduction to his base offense level pursuant to Amendment 782, which revised the guidelines applicable to drug offenses by reducing the offense levels for drug and chemical quantities. He maintains his original base offense level was 29 with a criminal history category of I, and the two-point deduction would give him a base offense level of 27 with a criminal history category of I, which results in a guideline range of 70 to 87 months. He seeks a sentence at the low end of the guideline range based upon his post-sentence rehabilitation.

The government maintains Defendant is not entitled to any further reduction of his sentence because his original sentence is equal to the new guideline range. Specifically, Plaintiff maintains Defendant's new guideline range, without the benefit of the section 5K3.1 departure for Fast Track, is 108 to 135 months, equal to his 108 month sentence. Plaintiff contends the section 5K3.1 departure Defendant received at his original sentencing does not carry over to the new, amended guideline calculation.

Under section 3582(c)(2), a court may modify a term of imprisonment if a defendant has been "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." A court conducts a two-step analysis when proceeding under section 3582(c)(2): step one requires a court to determine the defendant's eligibility for modification and extent of reduction by determining what the guideline range would have been if the amendment had been in effect at the time of sentencing, and step two instructs a court to consider any applicable section 3553(a) factors and determine whether the reduction is warranted. Dillon v. U.S., 560 U.S. 817, 827 (2010).

At the sentencing hearing, this Court found a base offense level of 36, a 2 level enhancement for importation of methamphetamine, -2 adjustment for safety valve and -3 adjustment for acceptance of responsibility and a 4 level downward departure for Fast Track under section 5K3.1, resulting in a guideline range of 87 to 108 months. Defendant is not entitled to the Fast Track downward departure in his amended guideline range. See

2

13cr2852 JAH

United States v. Aragon-Rodriguez, 624 Fed.Appx. 542, 543 (9th Cir. 2015). His amended guideline range, without considering the four-level fast-track departure, based upon a base offense level of 34, +2 for importation of methamphetamine, -2 for safety valve, and -3 for acceptance of responsibility is 108 to 135 months. Because his original sentence is equal to the low end of his amended guideline range, Defendant is not entitled to a reduction of his sentence. USSG § 1B1.10(b)(2)(A).

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's motion to reduce his sentence is **DENIED**.
2. Defendant's motion to appoint counsel is **DENIED as moot**.

DATED: October 17, 2018

_____
JOHN A. HOUSTON
United States District Judge